IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SOLES4SOULS, INC.          )
                           )
v.                         )     No. 3:08-1188
                           )     Judge Campbell/Bryant
GLEANING FOR THE WORLD, INC., et al.   )

To:     The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

### I.

The subject of this Report and Recommendation is the proper award of monetary damages to plaintiff Soles4Souls, Inc., upon the prior entry of default judgment in its favor as to the liability of defendants James Brooks, Avie Cohen, and Claude Halcomb. See Docket Entry No. 190. The issue of damages was referred to the undersigned on March 7, 2011 (Docket Entry Nos. 190), and an evidentiary hearing was held on March 30, 2011 (Docket Entry Nos. 191, 215). None of the defaulted defendants attended the hearing, and the evidence received was limited to the testimony of plaintiff's Chief Financial Officer, Kevin Goughary. (Docket Entry No. 215) In light of the record made at the hearing, as well as the paper record made in this case prior to the damages hearing, the undersigned recommends that the Court enter judgment against these three defendants in the amount of **$29,928.00.**

## II.

In 2010, in support of its motions for default judgment against defendants Brooks, Cohen, and Halcomb, plaintiff submitted the affidavit of Mr. Goughary to establish its damages. In pertinent part, Mr. Goughary's affidavit testimony was as follows:

> 3. As a result of the Defendants' actions, Soles4Souls has incurred substantial damages. The shoes that were wrongfully taken or converted by the Defendants were donated to Soles4Souls for distribution to needy people. Once we learned from Minnetonka Moccasins, our donor, that the shoes at issue in this case were being sold to the public on eBay and other sources, Soles4Souls made every effort to recover the shoes and redirect them to those in need in order to protect and maintain our relationship with the donor as well as benefit the intended recipients.
>
> 4. We learned that some of the shoes were located in the Cincinnati, Ohio, area. After discovering this fact, we made arrangements to reacquire them. Soles4Souls was only able to recover a portion of the shoes, approximately 5,500 pairs. In order to do so, we were forced to purchase these shoes from Frank and Jeanie Re for the amount of $28,000. Mr. and Mrs. Re had purchased the shoes in good faith from Defendant David Galt. In the process of investigating and attempting to retrieve the shoes, Soles4Souls incurred expenses for travel, shipping, etc. in the amount of $1,928.00.
>
> 5. We were unable to recover 10,000 pairs of the shoes that were wrongfully taken or converted by the Defendants. The wholesale value of the shoes that we were unable to recover is $400,000.00.
>
> 6. Soles4Souls has also incurred attorneys' fees in this matter in the amount of $95,000.00 to date.

(Docket Entry No. 106-1)

Upon entry of default, the complaint's well pleaded allegations pertaining to liability are taken as true. In re Family Resorts of America, Inc., 1992 WL 174539, at *4 (6th Cir. July 24, 1992). However, unliquidated damages must still be proven. Antoine v. Atlas

Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995).

> The party seeking damages has the burden of proving them. In tort cases, the proof of damages need not be exact or mathematically precise. Rather, the proof must be as certain as the nature of the case permits and must enable the trier of fact to make a fair and reasonable assessment of the damages. The amount of damages is not controlled by fixed rules of law or mathematical formulas. It is instead left to the sound discretion of the trier of fact.
>
> Damages may never be based on mere conjecture or specularion. However, uncertain or speculative damages are prohibited only when the existence, not the amount, of damages is uncertain. Evidence required to support a claim for damages need only prove the amount of damages with reasonable certainty.

Overstreet v. Shoney's, Inc., 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999) (internal citations omitted).

In a prior Report and Recommendation ("R&R") adopted by the Court, the undersigned found that an evidentiary hearing was required in view of the limited proof of record, with particular discussion of the Goughary affidavit, as follows:

> [T]he Goughary affidavit is not sufficient for the court to mathematically ascertain plaintiff's damages. See O'Neal v. Nationstar Mortg., 2009 WL 1795305, at *4 (S.D. Ohio June 23, 2009). Plaintiff seeks an award of $524,928.00, representing the sum of $28,000.00 paid to reacquire approximately 5,500 pairs of shoes from Mr. and Mrs. Re; $1,928.00 in associated expenses for traveling, shipping, etc.; $400,000.00 cited as the wholesale value of the 10,000 pairs of shoes converted by defendants but which plaintiff was unable to recover; and, $95,000.00 in attorneys' fees. While the undersigned is satisfied that Mr. Goughary, as plaintiff's Chief Financial Officer having personal knowledge of plaintiff's business records (Docket Entry No. 106-1 at ¶ 2), may establish through affidavit testimony amounts spent in recovering the shoes from Mr. and Mrs. Re, see Moore v. Cycon Enterprises, Inc., 2007 WL 475202, at *8 (W.D. Mich. Feb. 9, 2007), it does not follow that his testimony is sufficient to establish the $400,000.00 wholesale value of the lost shoes, or even that such value is an appropriate measure of damages to plaintiff. The shoes were not plaintiff's commodities, and although the amended complaint contains a reference to an agreement

3

> between plaintiff and Minnetonka that the donated shoes would be distributed to people in need in Africa, not sold or transferred for value (Docket Entry No. 44 at ¶ 17), as well as the allegation that plaintiff purchased the misappropriated shoes from Mrs. Re "so that Soles4Souls could fulfill its obligations to Minnetonka..." (id. at ¶ 33), there is no allegation or showing that plaintiff was required to or did reimburse Minnetonka for the wholesale value of the lost shoes. Finally, the undersigned is not inclined to include an undifferentiated, lump sum of attorneys' fees in an award of damages upon plaintiff's victory by default.

(Docket Entry No. 182 at 7-8)

Unfortunately, Mr. Goughary's testimony as a live witness at the March 30, 2011 evidentiary hearing was for all intents and purposes the same as his affidavit testimony. No further proof or authority was offered to support the requested award, nor any argument for the award to be based on anything other than the wholesale value of the lost shoes.[1]

As referenced in the prior R&R, the wholesale valuation of the approximately 10,000 pairs of lost Minnetonka shoes by plaintiff's CFO is simply not competent proof of the damages to Soles4Souls, Inc., on account of their loss. Particularly when compared with the $28,000.00 reacquisition cost for the approximately 5,500 pairs (or $5.09 per pair) of recovered shoes, the forty dollar-per-pair figure promoted by Mr. Goughary's affidavit and hearing testimony does not constitute proof of damages to a reasonable certainty. Without the benefit of any further proof or authority from plaintiff, the undersigned finds that plaintiff has failed to carry its burden of proving its reasonable damages associated with the loss of the 10,000 pairs of shoes.

---

[1] On the day of the hearing, plaintiff submitted two notices of filing the transcripts of, and exhibits to, the depositions of defendants James Brooks and James Hughes. (Docket Entry Nos. 216-219) These filings were considered by the undersigned, without the benefit of any direction from plaintiff toward evidence pertinent to the amount of plaintiff's damages from the lost shoes.

Nonetheless, the evidence of record supports the award to plaintiff of its out-of-pocket costs in reacquiring the shoes from Mr. and Mrs. Re, being $28,000.00 for the shoes and $1,928.00 in associated expenses.

### III.

Accordingly, the undersigned RECOMMENDS that judgment be entered in favor of plaintiff Soles4Souls, Inc., and against defendants Brooks, Cohen, and Halcomb, in the sum of **$29,928.00.**

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 7th day of September, 2011.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

5

Case 3:08-cv-01188   Document 247   Filed 09/07/11   Page 5 of 5 PageID #: 907